

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-21-2005

# USA v. Casilla

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2694

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Casilla" (2005). *2005 Decisions.* Paper 369.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/369

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2694

———

UNITED STATES OF AMERICA

v.

LIBORIO CASILLA

Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 03-cr-0166)
District Judge: Honorable Dennis M. Cavanaugh

———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 20, 2005

Before: SCIRICA, Chief Judge, VAN ANTWERPEN and ALDISERT, Circuit Judges

(Filed:    October 21, 2005)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, Circuit Judge.

On June 27, 2003, Appellant Liborio Casilla pled guilty to a one-count indictment charging him with conspiracy to distribute or to possess with intent to distribute a controlled substance, 21 U.S.C. § 846. He was sentenced on November 17, 2003, pursuant to the Sentencing Guidelines to a term of imprisonment of thirty-seven months, followed by four years of supervised release. The District Court did not depart from the applicable Guidelines range.

Casilla's attorney has filed a motion to withdraw from this case and has submitted a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that no non-frivolous issues exist for appeal. Casilla was given a copy of both the motion and the brief and given the opportunity to respond *pro se*, but chose not to.

When analyzing Anders briefs, we ask two questions: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). When an attorney submits an Anders brief, his or her duties are (1) to demonstrate to the court that he or she has thoroughly examined the record for appealable issues, and (2) to demonstrate that the issues are frivolous. Id. In attending to his or her duties "[c]ounsel need not raise and reject every possible claim." Id. Counsel needs only to satisfy the "conscientious examination" standard set forth by the Supreme Court in Anders. Id.

2

Counsel could identify only one point on which Casilla could challenge on appeal: the adequacy of the plea colloquy. Counsel concluded, and the Government agrees, that the plea colloquy was constitutionally adequate. We concur.

The only remaining nonfrivolous issue that we note in our independent review regards Casilla's sentence. The District Court sentenced him prior to the Supreme Court's holding in United States v. Booker, --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and stated that it was bound by the applicable Sentencing Guidelines range. We noted in United States v. Davis, 407 F.3d 162 (3d Cir. 2005), that "[w]e would be usurping the discretionary power granted to the district courts by Booker if we were to assume that the district court would have given [defendant] the same sentence post-Booker." Id. at 165 (citing United States v. Oliver, 397 F.3d 369, 380 n.3 (6th Cir. 2005)) (modifications in original). However, in this case, the Appellant has indicated that he does not want a remand for resentencing.[1]

---

[1] The Government suggests that because "a Booker remand 'could very well result in a longer sentence,' United States v. Smith, 401F.3d 497, 499 (D.C. Cir. 2005), this Court should 'not force on [defendant] an argument that he has not made which could produce a result that he does not want.' United States v. Camacho-Ibarquen, 404 F.3d 1283, 1290 n.4 (11th Cir. 2005)." We are unable to determine if counsel's silence on this matter was purposeful because original counsel, Dennis M. Mautone, is deceased. Accordingly, we have granted Attorney Mautone's motion for leave to withdraw and appointed new counsel, Jeffrey Lindy, Esq., to represent Mr. Casilla. New counsel indicates that he has conferred with his client and his client does not wish to have a remand pursuant to Booker for resentencing.